UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICIA SCOTT,

                Plaintiff,

-against-

DOORDASH; UBER EATS; INSTACART,

                Defendants.

24-CV-1783 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action invoking the court's federal question jurisdiction, and asserting claims arising out of the conditions of her private employment as a delivery worker with Defendants DoorDash, Uber Eats, and Instacart. By order dated August 26, 2024, the Court dismissed this action for lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to replead her claims in an amended complaint to establish that the Court has subject matter jurisdiction of this matter. Plaintiff filed an amended complaint on September 18, 2024, which the Court has reviewed. The Court dismisses this action for the reasons set forth in the August 26, 2024 order, for lack of subject matter jurisdiction.

## BACKGROUND

      The Court assumes familiarity with the underlying facts of this action as summarized in the Court's August 26, 2024 order. In short, Plaintiff, who was employed as a delivery worker by Defendants, invoked the court's federal question jurisdiction and asserted that, during her employment with Defendants, she was penalized for some deliveries, reprimanded for making late deliveries, and suffered physical injuries as a result of going up and down stairs during deliveries. Plaintiff sought compensatory damages in the amount of $500,000.

In the August 26, 2024 order, the Court held that it did not have federal question jurisdiction of Plaintiff's claims arising from the conditions of her private employment as a delivery worker that led to injuries, because such claims generally arise under state law rather than federal law. The Court further found that Plaintiff had failed to satisfy her burden of alleging facts showing that the Court had diversity jurisdiction of her state law claims. Plaintiff alleged that she is a resident of the State of New York and that all three defendants were incorporated in California, but she indicated that at least one of the defendants, which she did not specify, had its principal place of business in New York. (ECF 1 at 1-2.) Because Plaintiff and at least one of the defendants could be considered a citizen of New York, she did not allege that she and the defendants had diverse citizenship. In addition, although she sought $500,000 in damages, she did not allege any facts describing the losses she incurred or why Defendants should be held liable for that amount. The Court therefore held that Plaintiff did not allege facts plausibly suggesting that she had suffered any damages amounting to the $500,000 she sought.

Because Plaintiff had failed to allege facts showing that the Court had either federal question or diversity of citizenship jurisdiction of the action, the Court dismissed the action for lack of subject matter jurisdiction. The Court, however, granted Plaintiff 30 days' leave to allege additional facts to establish that the Court had subject matter jurisdiction of her claims.

In the amended complaint, Plaintiff invokes the court's diversity jurisdiction, asserting separate and distinct claims against each of the three defendants. She sues Instacart "on the grounds of the app freezing up while [she] was in the store and losing orders." (ECF 5, at 5.) Plaintiff asserts that Instacart would talk to her while this is happening, stating that she would not be penalized, but her "delivery rate went down." (*Id*.) Instacart also gave delivery orders "that [were] very far away[,] making it hard to deliver food in a timely manner." (*Id*.)

Plaintiff sues Uber Eats "on the grounds of giving back to back orders and not understanding why [she] could not get the orders there on time." She asserts that Uber Eats also accused her of "stealing customer's food, which was not true." (*Id*.)

Finally, Plaintiff sues DoorDash for being "impatient." (*Id*. at 6.) She asserts that she would receive a message on the DoorDash app for a pick-up order, but the food would not be ready when she got to the restaurant. When the customers received their orders late, DoorDash would then penalize Plaintiff. "DoorDash took no responsibility in the fact that they had people calling orders too early." (*Id*.)

Plaintiff seeks "reinstatement of work to one or more of these platforms under a court-ordered contract," or $150,000 in damages, "between these 3 platforms," for loss of wages. (*Id*.)

## DISCUSSION

Plaintiff has failed to overcome the Court's finding in the August 26, 2024 order that it lacks subject matter jurisdiction to consider her claims arising from her employment as a delivery worker by Defendants. Plaintiff invokes the court's diversity jurisdiction but she does not allege facts demonstrating that the Court has diversity jurisdiction of this action. Plaintiff alleges in the amended complaint that she is a citizen of the New York and that all three defendants are incorporated and have their principal place of business in California. Thus, the parties are diverse. Plaintiff does not, however, allege sufficient facts that show that her claims under state law satisfy the jurisdictional amount for a diversity action – amount in excess of the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). Although she seeks $150,000 in damages, she does not establish to a "reasonable probability" that her claims are in excess of the sum or value of $75,000; it is unclear from the allegations in her amended complaint that she could recover damages in excess of the $75,000 statutory minimum. *See Chase Manhattan Bank, N.A. v. Am.*

*Nat'l Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (the amount in controversy must be non-speculative in order to satisfy the statute).

Furthermore, when a plaintiff has claims against more than one defendant, such claims generally may not be aggregated in determining the amount in controversy unless the defendants are or would be jointly liable to the plaintiff. *Sovereign Camp, W.O.W. v. O'Neil*, 266 U.S. 292, 295 (1924) ("It is the settled general rule . . . that in a suit based on diversity of citizenship brought against several defendants . . . which are separate and distinct . . . the test of jurisdiction is the amount of each separate claim, and not their aggregate amount."); *see also E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 933 (2d Cir. 1998) ("Aggregation to achieve diversity jurisdiction is barred when the liability of the defendants is several and not joint."); *Nastasi v. Lari*, No. 15-CV-6066, 2017 WL 943935, at *3 (E.D.N.Y. Mar. 9, 2017) ("[W]hen [the] defendants' liabilities are several and distinct, the amount in controversy threshold must be met with respect to each and every individual defendant regardless of whether the claims are temporally proximate or factually interrelated."). Because Plaintiff brings separate and distinct claims against each defendant, Defendants are not jointly liable. She cannot, therefore, satisfy the jurisdictional minimum by aggregating her claims against the three defendants. Because Plaintiff does not satisfy the jurisdictional amount against each defendant, the Court does not have diversity jurisdiction of her claims.

The Court, in its August 26, 2024 order, previously found that it lacked federal question jurisdiction of this action, and Plaintiff does not allege facts in the amended complaint showing that the Court has diversity jurisdiction of this action. The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to replead.

## CONCLUSION

For the reasons stated in this order and the Court's August 26, 2024 order, this action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge